UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY JEROME FUSSELL (#103973)

VERSUS                                          CIVIL ACTION

DARRELL VANNOY                                  NUMBER 13-571-BAJ-SCR

### NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, September 24, 2013.

                                     _____
                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY JEROME FUSSELL (#103973)

VERSUS                                                          CIVIL ACTION

DARRELL VANNOY                                          NUMBER 13-571-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dy. Warden Darrell Vannoy.  Plaintiff alleged that in 1989 he was classified to Camp J extended lockdown after he stabbed another inmate to death.  Plaintiff alleged that he was indicted on a charge of second degree murder and later pled guilty to manslaughter.  Plaintiff alleged that following the incident the defendant told him he would not be released from extended lockdown unless he identified the corrections officer who provided him with the knife he used to kill the other inmate.  Plaintiff alleged that because he has refused to provide prison officials with the identity of the corrections officer he has not been released to the general prison population, which the plaintiff contends violates his constitutional rights.

### I. Applicable Law and Analysis

An in forma pauperis suit is properly dismissed as frivolous

if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that the Lockdown Review Board has repeatedly refused to release him from extended lockdown because he refuses to identify the corrections officer who provided him with a knife that he used to kill another inmate. Plaintiff alleged that he has been classified to extended lockdown for over 24 years. Plaintiff alleged that other inmates who killed fellow inmates were later released to general population, but he has not been released because he refuses to identify the person who gave him the knife.

Classification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law. *McGruder v. Phelps*, 608

F.2d 1023 (5th Cir. 1979.) Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915, without prejudice to any state law claims, and without leave to amend because there is no conceivable, non-frivolous claim he could assert against this defendant consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, September 24, 2013.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE