UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY JEROME FUSSELL (#103973)

CIVIL ACTION

VERSUS

DARRELL VANNOY

NO.: 13-00571-BAJ-SCR

## RULING AND ORDER

On September 24, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Jeffery Fussell's action be dismissed as frivolous pursuant to 28 U.S.C. § 1915, without prejudice to any state law claims that he may assert. (Doc. 7.) Plaintiff claims that his constitutional rights are being violated because of the prison's refusal to release him from extended lockdown. Plaintiff asserts that he has not been released to general population solely because he refuses to identify the corrections officer who provided him with a knife he used to kill another inmate.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 7, at 1.) A review of the record indicates that Plaintiff filed a timely memorandum in

opposition to the Magistrate Judge's Report and Recommendation on October 2, 2013. (Doc. 8.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[1]

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 7)** is **ADOPTED** as the Court's opinion herein.

---

[1] Plaintiff's objection primarily focuses on the Magistrate Judge's finding that the claim is frivolous under 28 U.S.C. § 1915. (Doc. 8, at 1-3.) He asserts that because the Magistrate Judge denied his motion to appoint counsel on the basis that "[h]e filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incident," Plaintiff's complaint should not be dismissed at this juncture since the facts were already found to be sufficiently plead. (Doc. 8, at 2.) Plaintiff also objects to the Magistrate Judge's characterization of the facts. Plaintiff asserts that the Magistrate Judge is incorrect in stating that "the Extended Lockdown Review Board Members refus[e] to release the plaintiff from extended lockdown." (Doc. 8, at 4.) Instead, he asserts that "the Members of the Extended Lockdown Review Boards (cannot) release the plaintiff from extended lockdown without the defendant, Darrell Vannoy's approval," and that the Defendant "refuses to release the plaintiff from extended lockdown because the plaintiff refuses to identify the corrections officer the plaintiff got the knife from that the plaintiff used to kill another inmate." (*Id.*)

Regarding the first point, different standards of law are used in the Report and Recommendation (Doc. 7) and the Order denying the motion to appoint counsel (Doc. 5). It is not erroneous for the Magistrate Judge to have found that Plaintiff competently and succinctly explained what he believed to be legal issues in his motion to appoint counsel, but then to find that those same facts have no possible legal remedy within the jurisdiction of this Court. This Court has already stated that it "shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted." *Bosley v. Leblanc*, 2008 WL 2660368, at *1 (M.D.La. July 7, 2008). Here, the Magistrate Judge properly concluded that the facts asserted in his petition amounted to a frivolous claim.

Regarding Plaintiff's second point, the Court adopts the law cited in the Report and Recommendation. The Court takes no position on Plaintiff's assertion that his factual allegations have been misstated. Nevertheless, even accepting the facts in the light most favorable to Plaintiff, the Magistrate Judge was nonetheless correct in concluding that "[c]lassification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law." *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979) (Doc. 7, at 3.) Thus, the Court has no control over the classification system of inmates in the Louisiana prison system and, without more, lacks the ability to command his reclassification.

**IT IS FURTHER ORDERED** that Plaintiff Jeffery Fussell's action is **DISMISSED, without prejudice to any state law claim**, and without leave to amend, because there is no conceivable, non-frivolous claim that he could assert against this defendant consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this 13th day of December, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**