UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY JEROME FUSSELL                    CIVIL ACTION

VERSUS

DARRELL VANNOY                           NO.: 13-00571-BAJ-SCR

## RULING AND ORDER

This matter comes before the Court on Plaintiff's **Motion for Appointment of Counsel (Doc. 3)**. The pro se plaintiff Jeffery Jerome Fussell, who is confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed the instant action on August 25, 2013. The Complaint alleged claims pursuant 42 U.S.C. § 1983 against LSP Deputy Warden Darrell Vannoy. Specifically, Plaintiff asserted violations of his rights under the Eighth and Fourteenth Amendments in connection with his placement and long-term retention in Administrative Segregation Extended Lockdown ("extended lockdown"), a form of solitary confinement.[1]

On August 30, 2013, the Court denied Plaintiff's instant Motion for Appointment of Counsel. (Doc. 5). On December 13, 2013, the Court issued an order dismissing Plaintiff's action as frivolous. (Doc. 9). Plaintiff appealed this Court's judgment of dismissal. (Docs. 10, 11).

---

[1] Conditions of extended lockdown in LSP have been found to include: 24 hours a day of isolation, 23 of which are spent in individual cells, and "additional restrictions on privileges generally available to inmates such as personal property, reading materials, access to legal resources, work, and visitation rights." *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 659 (M.D. La. 2007).

1

On November 25, 2014, the Court of Appeals for the Fifth Circuit ruled on Plaintiff's appeal. As an initial matter, the Court of Appeals granted Plaintiff's motion to proceed *in forma pauperis*. The Court of Appeals then reversed the dismissal of Plaintiff's Eighth Amendment claim, while affirming dismissal of the remainder of Plaintiff's claims. *See Fussell v. Vannoy*, No. 13-31294, 2014 WL 6661143, at *2 (5th Cir. Nov. 25, 2014). On remand, this Court has been directed to first consider whether, in light of the appeals court's decision, appointment of counsel for Plaintiff would be appropriate under 28 U.S.C. § 1915(e)(1) and *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982). For reasons explained below, Plaintiff's Motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff alleges that, in 1989, he was placed in extended lockdown. According to the Complaint, Plaintiff was told he would remain in extended lockdown until he disclosed to prison authorities the identity of the guard from whom Plaintiff obtained the knife he used in the stabbing of another LSP inmate on April 28, 1989. Plaintiff alleges that he is still in extended lockdown, now twenty-five years later. Plaintiff claims, *inter alia*, that his long-term confinement in extended lockdown has caused severe mental health issues.

On August 25, 2013, Plaintiff filed the instant Motion for Appointment of Counsel. Plaintiff alleges that appointment of counsel is appropriate due to, among other reasons, Plaintiff's limited educational attainment, history of mental illness, and limited access to legal resources. (Doc. 3 at ¶¶ 1–3). Beyond that, Plaintiff

highlights this case's "complexed [sic] medical issues concerning the physical, mental and social welfare and health effects that decades of long term isolation in extended lockdown has on the human body and mind, that will require expert testimony." (*Id.* at ¶ 4).

## II. LEGAL STANDARD

A federal court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The U.S. Supreme Court has held that under § 1915, the court may "request" that an attorney represent an indigent plaintiff, but the statute does not authorize compulsory appointments of counsel. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309–10 (1989).

Further, a federal court is not required to seek counsel for an *in forma pauperis* plaintiff asserting a civil rights claim under § 1983 "unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). First, a court may ascertain what effort, if any, the plaintiff made to secure private counsel. *See id.* at 213; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Then a court must examine case-specific factors in determining whether exceptional circumstances justify the court to grant a request for counsel, including but not limited to:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Ulmer*, 691 F.2d at 212 (citations omitted). A court should also consider whether counsel would aid the plaintiff, as well as the court and the defendant, by

3

"sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.*

### III. DISCUSSION

Plaintiff is indigent, and the Court accepts Plaintiff's representation that he "has failed to locate an attorney who would be willing to accept this case and represent [him] on a pro-bono basis" as evidence of Plaintiff's own efforts to secure private counsel. (Doc. 3 at ¶ 8). Accordingly, the Court moves next to analyze the specifics of the case and of the plaintiff, as required under *Ulmer*.

To establish that Defendant violated the Eighth Amendment's prohibition of cruel and unusual punishment in a conditions-of-confinement case, Plaintiff must satisfy a two-prong test by demonstrating: (1) the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as in denying "some basic human need," and (2) the subjective component that prison officials "acted with deliberate indifference to his conditions of confinement." *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999). As to the first prong, the deprivation must be, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here Plaintiff contends that his decades of extended lockdown have caused serious physiological disorders and mental health problems, including suicidal tendencies. In order for a factfinder to determine whether or not Plaintiff's extended lockdown conditions constitute a sufficiently serious deprivation of a basic human need, Plaintiff will likely require expert evidence regarding Plaintiff's current

4

medical diagnoses, as well as expert authority opining on the extent to which social contact and environmental stimulation are basic human needs. In *Wilkerson v. Stalder*, this Court relied heavily on the contents of certified board physician reports and psychological evaluations in order to assess the seriousness of deprivations to plaintiff-prisoners in LSP's extended lockdown. *See* 639 F. Supp. 2d 654, 661–63 (M.D. La. 2007). Great skill will be required to cogently present expert evidence to a factfinder. If Defendant wishes to present countervailing expert evidence, substantial proficiency will similarly be required of Plaintiff to cross-examine an expert witness or otherwise refute opposing expert evidence.

Plaintiff alleges that he has no education beyond middle school. He has a long history of mental health treatment, reporting to psychologists that he has periodically attended mental health treatment since he was seven years old. (Doc. 3-1 at p. 6). In addition, Plaintiff states that he has a "very limited knowledge of the law." (Doc. 3 at ¶ 3). A prisoner's limited knowledge of the law is not in itself a decisive, or even persuasive, factor, for "this is true of nearly every prisoner who prosecutes a pro se lawsuit." *Williams v. Ward*, No. CIV.A. 10-0408-JVP, 2010 WL 5178842, at *2 (M.D. La. Dec. 15, 2010) (limited knowledge of law serves as reason for less stringent pleading and motion standards, but not reason for appointment of counsel). In this case, however, Plaintiff's limited knowledge of the law is further stymied by Plaintiff's limited access to the law library. (*See* Doc. 3 at ¶ 3). Although Plaintiff filed a factually detailed Complaint that clearly and concisely set forth his claims and prayers for relief, the Court notes that the very constitutional violation

Plaintiff alleges—that is, the imposition of decades of extended lockdown—prevents Plaintiff, more so than those in LSP's general inmate population, from accessing the legal resources necessary to adequately present and investigate his case.

In reviewing Plaintiff's motion for counsel within the *Ulmer* framework, the Court finds the following factors weigh in favor of Court-requested counsel to represent Plaintiff: (1) the complexity of Plaintiff's case challenging conditions of confinement under the Eighth Amendment, in particular the probable necessity of expert evidence regarding Plaintiff's mental health and the long-term effects of extended lockdown; (2) Plaintiff's restricted capability to adequately present his case, given his middle school educational attainment and current diagnosed physiological disorders; (3) Plaintiff's inability to adequately investigate his case, including through means of conducting legal research, given his confinement to extended lockdown; and (4) the likelihood of conflicting expert evidence, which will require skill from Plaintiff in presentation and cross-examination. Here counsel for Plaintiff would aid the Court and both parties in sharpening the issues, shaping witness examination, shortening the trial, and assisting in a just determination. *See Ulmer*, 691 F.2d at 212.

## IV. CONCLUSION

While recognizing that requests for counsel under 28 U.S.C. § 1915(e)(1) are rarely granted, the Court finds that the instant case presents exceptional circumstances, so as to warrant the granting of Plaintiff's Motion.

Accordingly,

**IT IS ORDERED** that the Court's previous **Ruling on Motion for Appointment of Counsel (Doc. 5)** is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Appointment of Counsel (Doc. 3)** is **GRANTED**, insofar as the Court shall request counsel to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

The Court is not permitted to authorize compulsory appointment of counsel. The Court will, however, within the next **THIRTY DAYS**, identify counsel who may be willing to represent Plaintiff in this matter.

Further deadlines will be set by the Court following enrollment of counsel.

Baton Rouge, Louisiana, this 15th day of December, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**